UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2016
David J. Bradley, Clerk

| | |
|---|---|
| Krisenda Besetsney, *et al.*, | § |
| Plaintiffs, | § |
| *versus* | § Civil Action V-15-60 |
| Lavaca County, Texas, *et al.*, | § |
| Defendants. | § |

## Opinion on Dismissal

1. *Introduction.*

A driver, Charles McAfee, and his passenger. Krisenda Besetsney, struck a horse while driving a car. Both were injured. They blame the officer who tried to warn them about the horse. The fault lies with the driver. They also seek to recover from the Texas Department of Public Safety and numerous employees that investigated the crash because the investigation was racially motivated. They fail to describe facts that support a violation of their Constitutional or other rights.

The County, Department, and employees moved for dismissal. The motion was not responded to and, thus, will be treated as true. Nonetheless, the court considers the complaint and will dismiss it because McAfee and Besetsney do not describe actions that the law protects. They will take nothing

2. *Background.*

On August 8, 2013, Officer James Whited responded to a call of a loose horse on the shoulder of the highway. From his car, Whited saw the horse on the opposite shoulder of the highway. He also saw another car approaching the horse. Whited turned his spotlight on the horse. He also flashed his high-beams to alert the driver. The car left the pavement and hit the horse.

In the car, McAfee and Besetsney were injured. Lavaca County asked the Texas Department of Public Safety Accident Reconstruction Team to investigate. It concluded in a report that Whited had acted reasonably.

3.  *According to Besetsney and McAfee.*

In a mere three pages of pleadings, Besetsney and McAfee concoct a conspiracy in which at least six members of local and state agencies worked together to exonerate Whited because of racial animus towards McAfee who is black and Besetsney who is white and dates McAfee. Aside from an assertion that at some point the Department's findings changed, they do not offer a single verifiable fact that would tend to show the existence of a conspiracy or that anything was motivated by racial hatred.

Furthermore, the premise of the conspiracy is that it was necessary to cover up Whited's negligence. The accident occurred on a stretch of the highway that is straight. As a driver, McAfee was responsible for keeping his car straight and in his lane. While driving, McAfee should have seen a beam of light pointing at the horse followed by a flash from Whited turning his high beams on and off. A flash from high beams may notify drivers of an impending danger. Whited acted reasonably; McAfee caused the accident; a cover up was not necessary.

Nonetheless, Besetsney and McAfee sued (a) the County, (b) the Texas Department of Public Safety, (c) the sheriff of Lavaca County – Micah Harmon, (d) the deputy sheriff – James Whited, and four employees of the Department (e) Craig Wycoff, (f) Robert Haiyasoso, (g) Steven Tellez, and (h) Casey Goetz.

4.  *No Deprivation.*

Besetsney and McAfee claim that the six employees of the County and the Department conspired to violate their rights. It is clear that six people worked together to create the report; the report, however, does not harm Besetsney or McAfee. The crash report was the state's opinion about what happened. The report did not determine anyone's rights or liabilities.

Besetsney's and McAfee's claims for violations of 42 U.S.C. §§ 1983 and 1985, the fifth amendment, seventh amendment, fourteenth amendment, and title six of the Civil Rights Act of 1964 will be dismissed because those laws require Besetsney and McAfee to have been deprived of something. Assuming they did describe facts that show a conspiracy to discriminate against them, they have not been deprived of anything by the officer's driving or the imagined conspiracy.

Besetsney's and McAfee's claims against the County, the Department, and the six employees for violations of their rights will be dismissed.

5. *Immunity.*

The County is liable for the injuries to McAfee and Besetsney only if Whited proximately caused the injuries. Shining a spotlight on a horse near the road and flashing high-beams to alert drivers cannot proximately have caused a man to drive off the road and into the horse on the shoulder.

Besetsney's and McAfee's claims against the County for negligence will be dismissed.

6. *Election.*

Besetsney and McAfee chose to seek damages for their injuries from the County. When they sued a governmental body – Lavaca County – they became barred from also suing an employee of the County over the same matter.[1]

Besetsney's and McAfee's claims against Whited for negligence will be dismissed.

7. *Conclusion.*

Whited shone a spotlight on a loose horse and flashed his headlights to alert oncoming traffic of the danger. Nevertheless, McAfee ran off the straight pavement and hit the horse, injuring himself and Besetsney. Whited did not cause the accident; McAfee did. The Texas Department of Public Safety investigated and reported. McAfee and Besetsney do not state facts that show the report was improperly prepared. Even if it was improperly prepared, the report does not alter either the plaintiffs' rights or the facts about the wreck.

Besetsney's and McAfee's claims will be dismissed with prejudice.

Signed on January 4, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] Tex. Civ. Prac. Rem. Code § 101.106(a)